Bienvenu vs. Parker.

No. 6446.

FANNIE C. BIENVENU VS. E. T. PARKER, PUBLIC ADMINISTRATOR.

The legal representative of the minors' heirs of a decedent may enjoin the administrator of the succession from selling any property of the succession, to satisfy a judgment against the decedent which is null and void.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J.

*Chas. S. Rice* for plaintiff and appellant.

*A. Robert* and *W. O. Denegre* for defendant.

The opinion of the court was delivered by

SPENCER, J. Plaintiff, alleging herself to be the widow of Aristide Bienvenu, and natural tutrix of his children, minors, represents that E. T. Parker, public administrator, administering her husband's estate, has obtained from the Second District Court of Orleans an order, and has advertised for sale all the real estate of said succession, to pay a judgment for which said deceased nor said property is liable. She alleges that the said judgment is a nullity, and that she has sued to have it so decreed ; that it was rendered without citation against her husband and for a prescribed debt ; and that the sale of the property therefor would irreparably injure her said children, who are sole heirs of their father. She therefore prays an injunction, which upon her oath and bond was granted.

Defendant took a rule to set aside the injunction : first, for insufficiency of the surety ; second, that the petition discloses no cause of action ; and, third, because of the things charged in the petition being barred by *res adjudicata*.

The rule was tried on the second ground, that the petition disclosed no cause of action. The judge sustained the rule and dissolved the injunction, and plaintiff appeals.

For the purposes of the trial the allegations of the petition are to be taken as true. If they are true—if the administrator is seeking to sell the real property of the estate to pay a debt that does not exist, he is seeking to perpetrate a great wrong on the minors Bienvenu—a wrong which courts can not sanction.

The judge *a quo* has not given us the benefit of his views, nor have the counsel stated them. If it is true that the judgment against Bienvenu was rendered without citation, it is an absolute nullity, and that nullity may be invoked by any one interested in doing so, and in any form of action, and whenever it is opposed to them.

We think the petition does show a cause of action.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed, and that this cause be remanded to be proceeded with according to law, appellee paying costs of appeal.